

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
~~WILL WILSON~~XXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Department of Agriculture
Austin, Texas

Gentlemen:                      Attention:  W. S. Bussey

                                Opinion No. O-2470
                                Re:  Certain price advertisements
                                     which might be of a deceptive
                                     and misleading nature.

          We have received your request for an opinion of this
department.  We quote from your letter as follows:

          "This Department has been receiving numerous
     complaints from citizens of this state regarding
     the use of price tags or posters, in connection
     with the sale of certain commodities and services,
     which are designed to deceive and mislead the
     public, in the material particular that the public
     is lead to believe that the cost of the commodity
     or service being advertised is less than the price
     actually charged therefor.

          "To illustrate this point, we are enclosing,
     herewith, three photographs of a gasoline price
     sign, reading 12½¢, said photographs being taken
     at, approximately, the following distances; number
     one, 150 feet, number two, 50 feet, and number
     three, 15 feet.  You will note that from a distance
     of 150 feet, the 12 is clearly visible and read-
     able, however, the ½ cannot be distinguished at all.
     Then from a distance of only 50 feet, you will note
     that the ½ is still unreadable, but when you look
     very closely you can see a dim outline of the frac-
     tion, while at a distance of 15 feet the ½ does
     show up.

          "Now the purpose of this type of sign, accord-
     ing to many of the service station operators who
     have been displaying them, is to have the whole
     number so large and the fraction so small that the
     prospective customer will read the whole number
     quite a distance away, thus getting the impression

that he can buy gasoline at that price, but as he gets near the station he probably will not watch the sign closely enough to notice that a fraction of a cent also appears in connection with the whole number, and after he gets in the station and orders his tank filled, then he finds that he must pay 12½¢ per gallon for his gasoline, instead of 12¢ per gallon as he was lead to believe.

"We also find many price signs where this fraction is 9/10 of a cent, instead of one-half, thus, making it necessary for the customer to purchase ten gallons of gasoline to save one penny, while the large figures used to display the whole number in the sign leads them to believe that they are saving a penny on each gallon.

"Many of the station operators displaying signs similar to the one shown in the photographs are very free to tell our inspectors just what the purpose of this type of sign is, and most of them are strongly opposed to using such methods to secure business and only do so in order to meet competition because when a competitor across the street puts up a sign similar to this, it leads the public to believe that he is selling gasoline for one cent per gallon less than his neighbor.

"We also find signs similar to this used in connection with other businesses, and would appreciate your advising whether or not this type of misleading and deceptive advertising is in violation of Article 1554 of the Penal Code of Texas.

"If the above question is answered in the affirmative, would not any price sign containing a whole number and a fraction, and in which the fraction was not clearly visible and readable from approximately the same distance as the whole number, be considered misleading and deceptive and also in violation of the above mentioned Article.

"We notice in reading Article 1554 of the Penal Code that no particular law enforcement agency is charged with the enforcement thereof, we would, therefore, appreciate being advised as to which law enforcement agency or agencies would be authorized to enforce the provisions of this Article."

Article 1554, Vernon's Annotated Penal Code, provides:

"Art. 1554.  Untrue advertisement

"Whoever with intent to sell or in any way dispose of merchandise, securities, service, or anything offered by such person, or by any firm, corporation or association which he owns or of which he has control directly or indirectly, to the public for sale or distribution, or with intent to increase the consumption thereof, or to induce the public in any manner to enter into any obligation relating thereto, or to acquire title thereto, or any interest therein, makes, publishes, disseminates, circulates or places before the public or causes to be made, published, disseminated, circulated or placed before the public in a newspaper, or other publication, or in the form of a book, notice, handbill, window display card or price tag, poster, bill, circular, pamphlet or letter, or in any other way, an advertisement of any sort regarding merchandise, as to its character or cost, securities, service, or  anything so offered to the public, which advertisement contains any assertion, representation or statement of fact which is known by said person or could have been known by use of reasonable diligence or inquiry to be untrue, deceptive or misleading in any material particular as to such matters or things so advertised, shall be fined not less than ten nor more than two hundred dollars.  * * *"

It is to be noted that the advertisement must be "untrue, deceptive, or misleading."

The Court of Criminal Appeals in the case of Pincus v. State , 126 Cr. R. 188, 70 S.W. (2) 417, considered Article 1554, supra.  We quote from that decision:

"On the first proposition we express the opinion that such part of the statute as undertakes to penalize one who 'could have known by use of reasonable diligence or inquiry' that the advertisement was untrue is of doubtful validity.  It undertakes to make a criminal of one who might be guilty of negligence only in the absence of any willful wrong in connection with an act which results in no harm to any one.  Overt

v. State, 97 Tex. Cr. R. 202, 260 S. W. 856.
Likewise, the term 'deceptive or misleading'
seems to be vague and fraught with uncertain-
ty. Surely in an attempted practical appli-
cation much difficulty would be experienced
both in averments which would be necessary
and in proof to sustain them. * * * * * * "

The language used by the court is plain and unam-
biguous; accordingly it would be a futile gesture to attempt
an elaboration of its meaning. The gasoline advertisement
in question here is not, to our mind, untrue. However, an
element of deception is readily discernible; but the statu-
tory phrase "deceptive or misleading" is "vague and fraught
with uncertainty". In any event, the question of possible
deceptive or misleading attributes of any given advertise-
ment would appear a fact issue for the determination of a
jury. This department must refrain from acting in the ca-
pacity.

Article 5710, Vernon's Annotated Civil Statutes,
provides that:

"The Commissioner, his deputy, sealers or
inspectors and all local sealers and their dep-
uties in the performance of their official duties,
shall have the same power as peace officers in
this State." (Underscoring ours)

In conclusion, we will advise you that the statutes
place no duty upon you, in your capacity as Chief of Deputy
Weights & Measures, to enforce the provisions of Article 1554,
supra.

Trusting that this answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

GW:RS:wc

By s/Wm. J. Fanning
Wm. J. Fanning
Assistant

APPROVED JULY 8, 1940
s/Glenn R. Lewis
ATTORNEY GENERAL OF TEXAS (acting)

By s/Grundy Williams
Grundy Williams

Approved Opinion Committee By s/BWB Chairman